UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMAE DEWAYNE ROSE | CIVIL ACTION |
| VERSUS | NO. 23-2189 |
| TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX, ET AL. | SECTION "L" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Jamae Dewayne Rose filed this *pro se* and *in forma pauperis* prisoner civil rights complaint under 42 U.S.C. § 1983 against defendants Terrebonne Parish Criminal Justice Complex ("TPCJC"), the TPCJC Warden, and Captain Cobbs challenging the conditions of his confinement, including no air conditioning and no cold water to drink in his dormitory.[1] To better evaluate his complaint for purposes of the court's statutory frivolousness review, I issued an order on August 14, 2023, for Rose to provide additional information about his claims and those accused of violating his constitutional rights.[2] A copy of the order was mailed by the clerk of court to Rose at his only address of record in the TPCJC. On August 28, 2023, the envelope addressed to Rose was returned undelivered marked "Return to Sender – Inmate Released from T.P.C.J.C."[3]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[4] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to

---

[1] ECF No. 3-1, ¶IV, at 2.
[2] ECF No. 6.
[3] ECF No. 7.
[4] *Hulsey v. St. of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas Cnty. Dep. Sher. Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

comply with the court's order.[5] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[6] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[7]

All litigants are obligated to keep the court advised of any address change.[8] In addition, the complaint form used by Rose to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[9] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[10]

Rose has not contacted the court or provided a current address within 35 days of the August 28, 2023, return of the undelivered envelope.[11] His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Rose himself, justifying dismissal of his complaint for failure to prosecute.[12]

In a final effort to provide Rose with an opportunity to show cause why his claims should not be dismissed, I issue these Findings and Recommendation to the presiding United States

---

[5] *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[6] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sher.'s Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[7] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[8] *See* EDLA Local Rules 11.1 and 41.3.1.
[9] ECF No. 3-1, ¶VI(2), at 4 (Plaintiff's Declaration).
[10] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[11] *See*, L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.")
[12] *See Torns v. St. of Miss. Dep't of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

District Judge. Rose is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Rose that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Rose is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Rose is further advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[13]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Jamae Dewayne Rose's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 13th day of December, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[13] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).